Jeanette Oswald, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued September 13, 1973, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Leonidas A. Allen,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, October 30, 1973:

This is an appeal from an order of the Unemployment Compensation Board of Review, affirming the determination by the Bureau and the referee that claimant-appellant was ineligible to receive unemployment compensation benefits because of conduct described under the provisions of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. 2897 (1937), as amended, 43 P.S. §802(e) as willful misconduct.

There was only one witness at the hearing, claimant-appellant. The entire testimony is contained in two typewritten pages. Claimant-appellant, an executive secretary, asked her employer for an extra hour at lunch for the week of January 10-14, 1972, to be with an exhibit of her hobby, astrology. After considering the request, the employer told her that she could have the

extra hour if she would make up the time working on Saturday, January 15. Claimant-appellant did not feel she could make up the time on the 15th, but offered to make it up on the following Saturday. This was not satisfactory to the employer. "We had been having this discussion all week long; they didn't want me to take the time and all week we had talked about it. . . . [T]hey refused to accept that condition (working the Saturday following the 15th) and I was told that if I went ahead with the exhibit, I would be fired and they would see to it I didn't collect unemployment compensation."

Claimant-appellant worked Friday, January 7, 1972, did not return to work Monday, January 10, or thereafter but did attend the exhibit all week. Claimant-appellant considered herself fired. Her employer considered that she had quit.

The referee accepted claimant-appellant's version and treated the separation as a firing. However, he found that it was based on willful misconduct.

Claimant-appellant's testimony not only supports the referee's finding of willful misconduct; indeed, no other conclusion could be reached. She had time to consider her actions; she knew the employer not only objected to her taking the time off and would fire her if she did without agreeing to make it up on Saturday, January 15; but, even more, she knew that the employer would contest any claim she entered for unemployment compensation. It is hard to imagine a more deliberate act of misconduct and, indeed, the record could adequately support a finding that she quit.

In his brief and on oral argument, able counsel for claimant-appellant argued that the employer wanted the time made up on Saturday, January 8. This is not his client's testimony but, indeed, if it were, this could be a proper condition to the employer's granting the request for time off. The argument was also made that

claimant-appellant was fired before she took the time off. It was claimant-appellant who considered herself fired, based on the fact that she knew she was going to take the time off and would not agree to the employer's condition.

Accordingly, we enter the following

### ORDER

Now, October 30, 1973, the order of the Unemployment Compensation Board of Review, dated September 1, 1972, affirming the order of the referee denying eligibility to claimant-appellant, is affirmed.